# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CALVIN W. SCOTT, | DOCKET NUMBER |
| Appellant, | AT-0831-14-0015-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: August 29, 2014 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[*]

Calvin W. Scott, Lithonia, Georgia, pro se.

Christopher H. Ziebarth, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

REMAND the case to the Office of Personnel Management (OPM) for a decision concerning the appellant's application for former spouse annuity benefits.

## BACKGROUND

¶2      The appellant alleged that OPM improperly denied him a former spouse annuity. Initial Appeal File (IAF), Tab 1 at 1-5. The appeal included evidence from the appellant's divorce proceeding, unrelated prior workers' compensation claim, and complaint to the Department of Justice (DOJ) regarding the retirement benefits and alleged wrongdoing by his former spouse and other parties but contained no application to OPM for former spouse annuity benefits. IAF, Tabs 1, 10. However, the appellant submitted a copy of a letter sent to him by U.S. Representative Hank Johnson in July 2013, indicating that the Congressman had contacted OPM on behalf of the appellant. IAF, Tab 1 at 11. The letter indicated that the appellant was "not entitled to a portion of [his former spouse's] annuity" without a court order and referred to an OPM report that was not submitted into the record. *Id*. The appellant also submitted into the record below a letter sent to him by the DOJ in October 2013, notifying him that they had referred his complaint to OPM for review and appropriate action. IAF, Tab 10 at 16.

¶3      OPM filed a request to dismiss the appeal, arguing that it had not issued a final (or any) decision in the matter and that the appellant had failed to provide evidence of a final decision. IAF, Tab 7 at 4. The agency argued that the issues addressed by the appellant appeared to be against the state court that entered his divorce decree and thus were "not matters under the authority of OPM." *Id*. Although the filing referenced an internal OPM docket number regarding the appellant's case, the agency gave no indication that it had issued or intended to issue an initial or reconsideration decision to the appellant. *Id*. The administrative judge dismissed the appeal for lack of jurisdiction based on the parties' written submissions, noting that the Board has jurisdiction to hear appeals in such matters only from a final or reconsideration decision issued by

OPM.  IAF, Tab 15, Initial Decision (ID).  Specifically, the administrative judge concluded that the record reflected that OPM had not issued "any decision concerning the claims raised by the appellant," and thus dismissed the appeal as OPM had not issued a final decision on the matter.  ID at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        Generally, the Board has jurisdiction over retirement issues only once they have been the subject of an OPM reconsideration decision.  *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, ¶ 4 (2013).  However, when OPM fails to adjudicate all claims and dispositive issues before it, the Board has jurisdiction to consider the non-adjudicated claims and issues and may remand the case for OPM to complete a full review of the matter.  *Id*.; *see Byrum v. Office of Personnel Management*, 618 F.3d 1323, 1332–33 (Fed. Cir. 2010).  Although the administrative judge correctly found that OPM had not issued a final decision on the appellant's claims, we find cause to vacate the initial decision and remand the case to OPM for the following reasons.

¶5        As found by the administrative judge, the record indicates that OPM has not issued any decision regarding the appellant's retirement claims raised in the present appeal.  ID at 3.  In his petition for review, the appellant alleges that the only response he received from OPM regarding his request for a former spouse annuity was the response to Representative Johnson, discussed above.  Petition for Review (PFR) File, Tab 1 at 2.  The appellant argues that he was submitting new evidence in the form of a letter granting his wife a "spousal exception," but he failed to submit this evidence into the record or to develop his vague assertions that such letter would constitute a final determination by OPM.  *Id*. at 3.  The agency has submitted no evidence or argument on review.  The one-page agency response in the record below requesting dismissal indicated that the agency found that the appellant's claims were not under the authority of OPM but provided no indication of whether the agency had informed the appellant of this

determination. *See* IAF, Tab 7 at 4. The Board has recognized that, where OPM has failed to render a decision on a retirement application despite repeated requests from the appellant, dismissal of the appeal could effectively prevent an appellant from obtaining an adjudication of his claim. *See Garcia v. Office of Personnel Management*, 31 M.S.P.R. 160, 161 (1986).

¶6    The appellant has argued that OPM has ignored his repeated requests regarding his claims for former spouse annuity benefits, and the record indicates that DOJ referred his case to OPM and that the appellant's congressman and U.S. Senator have attempted to intervene on his behalf. *See* IAF, Tabs 1, 10. However, the record does not indicate whether OPM has issued or intends to issue any determination to the appellant regarding his claims, such that the appellant could then seek Board review of a final determination. As such, we find that OPM must issue a decision allowing the appellant to adjudicate his claim.

## ORDER

¶7    On remand, OPM shall issue an initial decision addressing the appellant's claim for former spouse annuity benefits, and informing the appellant of his rights to seek reconsideration. OPM shall issue the initial decision within 90 calendar days from the date of this Remand Order and shall advise the appellant of his right to file an appeal with the Atlanta Regional Office if he disagrees with the final decision obtained through the reconsideration process. *See Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, 424 (2001).

¶8    We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and to describe the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶9      No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).


FOR THE BOARD:              _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.